UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

MICHELLE A. LeBARRON,

                            Plaintiff,

v.                                                          1:13-CV-1572
                                                            (GTS/CFH)
WARREN CNTY. SHERIFF'S OFFICE; NATHAN H. YORK,
Sheriff, Warren Cnty.; JAMES A. LAFARR, Lieutenant,
Sheriff's Office; MARLO BARBOZA, Inspector, Sheriff's
Office; MICHAEL T. GATES, Captain, Sheriff's Office;
ALBERT MADAY, Lieutenant, Sheriff's Office; WAYNE
FARMER, Sergeant, Sheriff's Office; DANIEL CLIFFORD,
Sergeant, Sheriff's Office; MICHAEL FELDEISON, Corr.
Officer, Sheriff's Office; STEVEN FARMER, Corr. Officer,
Sheriff's Office; CHRISTOPHER PERILLI, Corr. Officer,
Sheriff's Office; MICHAEL GORDON, Corr. Officer/Union
Rep., Sheriff's Office; DANIEL KELLY, Corr. Officer/Union
Rep., Sheriff's Office; and ERNEST BARBOZA, Patrol
Officer, New York State Police,

                            Defendants.

_____

APPEARANCES:                                    OF COUNSEL:

MICHELLE A. LeBARRON
   Plaintiff, *Pro Se*
P.O. Box 1486, 5 Mast Ct.
Berlin, MD 21811

LEMIRE JOHNSON, LLC                             GREGG T. JOHNSON, ESQ.
   Counsel for County Defendants
P.O. Box 2485, 2534 Route 9
Malta, NY 12020

HON. ERIC T. SCHNEIDERMAN                        CHRISTOPHER W. HALL, ESQ.
Attorney General for the State of New York       Assistant Attorney General
   Counsel for Defendant Ernest Barboza
The Capitol
Albany, NY 12224

GLENN T. SUDDABY, United States District Judge

## DECISION and ORDER

Currently before the Court, in this *pro se* employment discrimination action filed by

Michelle A. LeBarron ("Plaintiff") against the Warren County Sheriff's Office and twelve of its

employees (the "County Defendants"),[1] as well New York State Police Patrol Officer Ernest

Barboza ("NYSP Officer Barboza"), are (1) Defendant NYSP Officer Barboza's motion to

dismiss for failure to state a claim and (2) the County Defendants' motion for judgment on the

pleadings. (Dkt. Nos. 13, 22.) For the reasons set forth below, both motions are granted in part

and denied in part.

## I.     RELEVANT BACKGROUND

### A.     Plaintiff's Complaint

Generally, in her Complaint, Plaintiff alleges that, between the date on which she filed a

gender-discrimination complaint with Equal Employment Opportunity Commission ("EEOC")

against the Warren County Sheriff's Office (on March 3, 2005) and the date on which she was

terminated from her job as a correction officer (on July 22, 2011), Defendants discriminated

against her based on her gender, and retaliated against her based on her filing of the EEOC

complaint and the fact that she resolved it in her favor in 2009. (Dkt. No. 1.)

More specifically, the alleged discriminatory and retaliatory actions included the

following: (1) following her filing of the EEOC complaint on March 3, 2005, Plaintiff was

---

[1]     Specifically, these twelve employees are Sheriff Nathan H. York, Lieutenant
James A. Lafarr, Inspector Marlo Barboza, Captain Michael T. Gates, Lieutenant Albert Maday,
Sergeant Wayne Farmer, Sergeant Daniel Clifford, Correction Officer Michael Feldeison,
Correction Officer Steven Farmer, Correction Officer Christopher Perilli, Correction
Officer/Union Representative Michael Gordon, and Correction Officer/Union Representative
Daniel Kelly.

subjected to both a pattern of adverse actions and false rumors "within the department and union," and a refusal by the "administration" to address her complaints; (2) in January of 2011 she was called into the office of Defendant York by Defendants LaFarr and Marlo Barboza to answer allegations of misconduct and violations of departmental rules and regulations, and was informed that either (a) she would have her shift and "pass days" changed to less-desirable ones, would be placed on probation and would lose 10 earned-vacation days, or (b) she would be charged with the aforementioned allegations in an Article 75 hearing and then be terminated; (3) when she resisted, Defendant York changed her shift and "pass days"; (4) despite her numerous complaints to unidentified "[s]ergeants" and "[l]ieutenants," and to Defendant Gates, departmental "staff and administration" continued to harass her; (5) she was suspended in March of 2011 due to Defendant NYSP Officer Barboza's filing of a criminal charge against her of Driving Under the Influence ("DUI"), of which she was found not guilty on March 21, 2011; (6) following Article 75 hearing on March 10, April 11, and April 12, 2011, she was terminated on July 22, 2011, purportedly due to performance issues (although unidentified "similarly situated male Correction Officers" were neither disciplined nor terminated based on similar or worse performance issues); and (7) on January 27, 2012, Defendant York wrongfully released to the media the results of her closed Article 75 hearing. (*Id*.)

Liberally construed, based on the above-described factual allegations, Plaintiff's Complaint asserts the following claims against Defendants: (1) a claim that the County Defendants discriminated against her based on her gender in violation of Title VII of the Civil Rights Act of 1964, as amended, codified at 42 U.S.C. § 2000e *et seq.* ("Title VII"); (2) a claim that the County Defendants discriminated against her based on her gender in violation of 42

U.S.C. § 1983 and the Fourteenth Amendment; (3) a claim that the County Defendants retaliated against her based on her EEOC complaint in violation of Title VII; (4) a claim that the County Defendants retaliated against her based on her EEOC complaint in violation of 42 U.S.C. § 1983 and the First Amendment; (5) a claim that the County Defendants deprived her of substantive due process through their actions in violation of 42 U.S.C. § 1983 and the Fourteenth Amendment; (6) a claim that Defendant Trooper Barboza retaliated against her based on her EEOC complaint (and internal complaints) in violation of 42 U.S.C. § 1983 and the First Amendment; and (7) a claim that Defendant York wrongfully released her closed disciplinary hearing charges and results to the media in violation of Section 50-a of the New York Civil Rights Act. (*Id.*)[2]

Familiarity with these claims, and the factual allegations supporting them, is assumed in this Decision and Order, which is intended primarily for the review of the parties.

### B. Parties' Briefing on Defendant NYSP Officer Barboza's Motion

#### 1. Defendant NYSP Officer Barboza's Memorandum of Law

Generally, in his memorandum of law, Defendant NYSP Officer Barboza asserts two arguments: (1) Plaintiff fails to state a retaliation claim under either Title VII or 42 U.S.C. § 1983 and the First Amendment because she has failed to allege facts plausibly suggesting that his act of pulling her over and charging her with DUI in March of 20011 was caused by her filing of her EEOC complaint against the Warren County Sheriff's Office in March of 2005 and

---

[2]        While the County Defendants discern only some of these claims, the Court notes that all complaints must be liberally construed. Fed. R. Civ. P. 8(e). This is particularly true of *pro se* civil rights complaints. *See Phillips v. Girdich*, 408 F.3d 124, 130 (2d Cir. 2005) (stating that, in construing a *pro se* plaintiff's complaint, "the [C]ourt's imagination should be limited only by [the plaintiff]'s factual allegations, not by the legal claims set out in his pleadings.").

the resolution of that EEOC proceeding in her favor in 2009; and (2) in any event, her retaliation claim under 42 U.S.C. § 1983 and the First Amendment is redundant of, and thus barred by, her retaliation claim under Title VII. (Dkt. No. 13, Attach. 1 [Def. NYSP Officer Barboza's Memo. of Law].)

### 2. Plaintiff's Opposition Memorandum of Law

Generally, in her opposition memorandum of law, Plaintiff does not address either of Defendant NYSP Officer Barboza's two arguments. (*See generally* Dkt. No. 29 [Plf.'s Opp'n Memo. of Law].)

### C. Parties' Briefing on the County Defendants' Motion

### 1. County Defendants' Memorandum of Law

Generally, in their memorandum of law, the County Defendants assert nine arguments. (Dkt. No. 22, Attach. 1 [Cnty. Defs.' Memo. of Law].)

First, argue the County Defendants, Plaintiff's Complaint must be dismissed as against the twelve individual County Defendants for the following reasons: (a) it fails to allege facts plausibly suggesting that nine of them (i.e., Gates, Maday, Farmer, Clifford, Feldeison, Farmer, Perilli, Gordon and Kelly) were personally involved in the constitutional violations alleged (which is required to state a claim against them in their individual capacities under 42 U.S.C. § 1983), and it alleges only conclusory supervisory involvement of the remaining three of them (i.e., York, LaFarr and Marlo Barboza); (b) the individual County Defendants are not amenable to suit under Title VII, because they are not "employers" for purposes of Title VII; (c) even if the individual County Defendants were so amendable, Plaintiff failed to name them in her EEOC complaint and has thus failed to exhaust her administrative remedies regarding her Title VII

claims against them; and (d) in any event, based on the Complaint's factual allegations, all individual County Defendants are protected from liability as a matter of law by the doctrine of qualified immunity.  (*Id.*)

Second, argue the County Defendants, to the extent that Plaintiff's Title VII claims are based on events occurring before April 16, 2011, those claims are untimely and must be dismissed, for the following reasons: (a) under Title VII, a claimant may bring suit in federal court only if she has filed a timely complaint with the EEOC and obtained a right-to-sue letter; (b) to be timely, an EEOC complaint must be filed within 300 days of the alleged discrimination; (c) the 300-day time period starts to run when the claimant receives notice of the alleged discriminatory act, not when the allegedly discriminatory decision takes place; (d) here, Plaintiff alleges she filed her EEOC complaint on February 10, 2012; and (e) thus, her allegation regarding being suspended in March of 2011, and her allegation regarding the coercive meeting that allegedly occurred in January of 2011, may not give rise to her current Title VII claims. (*Id.*)

Third, argue the County Defendants, Plaintiff's Title VII claims must be dismissed on the alternative ground that (a) a Title VII claim must be filed within 90 days of the date that the plaintiff receives her right-to-sue letter, and (b) here, Plaintiff did not file her Complaint until December 20, 2013, 91 days of her receipt of the EEOC's right-to-sue letter, which she alleges occurred on September 20, 2013.  (*Id.*)

Fourth, argue the County Defendants, Plaintiff's retaliation claims must be dismissed for the following reasons: (a) she has failed to state a retaliation claim under Title VII arising from events occurring in, and after, January of 2011, because she has failed to allege facts plausibly

suggesting a causal connection between the filing of her EEOC charge (in March of 2005) and the resolution of that charge in her favor (in 2009) and the coercive meeting she allegedly experienced (which occurred in January of 2009), given the two-year delay between the events and the fact that (according to Plaintiff's own Complaint) Defendant York was not the County Sheriff at the time that her EEOC charge was filed (which instead was Larry Cleveland); and (b) her retaliation claim under the First Amendment must be dismissed as redundant of her retaliation claim under Title VII. (*Id.*)

Fifth, argue the County Defendants, Plaintiff's substantive due process claim under the Fourteenth Amendment must be dismissed because she fails to allege facts plausibly suggesting government conduct that is so egregious and outrageous as to shock the contemporary conscience, which is necessary to support a substantive due process claim (but rather she alleges that she was afforded a three-day Article 75 hearing after notice thereof). (*Id.*)

Sixth, argue the County Defendants, Plaintiff's claims under 42 U.S.C. § 1983 against Defendant County Sheriff's Office must be dismissed for failure to allege facts plausibly suggesting municipal liability under *Monell v. Dep't of Soc. Serv.s of City of New York*, 436 U.S. 658 (1978), including the fact that any of the violations alleged occurred pursuant to a governmental custom, policy or practice. (*Id.*)

Seventh, argue the County Defendants, Plaintiff's claim under Section 50-a of the New York Civil Rights Act against Defendant York must be dismissed due to her failure to, on a timely basis (i.e., within 90 days of the accrual of the claim, which here is by October 10, 2011) serve a Notice of Claim upon Warren County, and affirmatively plead her compliance with that statutory requirement, as mandated by New York County Law § 52 and New York General Municipal Law § 50-i. (*Id.*)

Eighth, argue the County Defendants, in the alternative, Plaintiff's claim under Section 50-a of the New York Civil Rights Act must be dismissed because that statute does not give rise to a private cause of action. (*Id.*)

Ninth, argue the County Defendants, Plaintiff's punitive damage claim against Defendant County Sheriff's Office must be dismissed because (a) ordinarily municipalities are immune from punitive damages on claims under 42 U.S.C. § 1983, and (b) Defendant County Sheriff's Office is not organized for any purpose of gain or profit but for the purpose of carrying on government for the general good and public necessity. (*Id.*)

### 2. Plaintiff's Opposition Memorandum of Law

Generally, in her opposition memorandum of law, Plaintiff asserts seven arguments. (Dkt. No. 29 [Plf.'s Opp'n Memo. of Law].)

As to the County Defendants' first argument (i.e., regarding Plaintiff's asserted failure to allege facts plausibly suggesting the personal involvement of the County Defendants in the constitutional violations alleged), Plaintiff argues that she has asserted such allegations because she has "listed each individual who treated me less favorably, harassed and discriminated against me." (*Id.*)

As to the County Defendants' second argument (i.e., regarding Plaintiff's asserted failure to file an EEOC with 300 days of events occurring in January of 2011), Plaintiff argues that the County Defendants are incorrect that she had to separately file a complaint with the New York State Division of Human Rights, and that in any event the 300-day deadline is extended where, as here, the claim is covered by state or local anti-discrimination law and/or the complainant experienced retaliatory and discriminatory acts within the 300-day time period. (*Id.*)

As to the County Defendants' third argument (i.e., regarding Plaintiff's asserted failure to file her Title VII claims within 90 days of the date on which she received her right-to-sue letter), Plaintiff argues that she did not in fact receive the right-to-sue letter on September 20, 2011, but four days later on September 24, 2011--well within the 90-day time frame. (*Id.*)

As to the County Defendants' fourth argument (i.e., regarding Plaintiff's asserted failure to state a retaliation claim), Plaintiff argues that she has stated such a claim because "not only did I do so in my first cause of action, but also within my facts." (*Id.*)

As to the County Defendants' sixth argument (i.e., regarding Plaintiff's asserted failure to allege facts plausibly suggesting municipal liability under *Monell*), Plaintiff argues that she did allege a government custom, policy or practice by alleging that Defendant County Sheriff's Office violated her "NY civil rights." (*Id.*)

As to the County Defendants' seventh and eighth arguments (i.e., regarding Plaintiff's asserted failure to state a claim under Section 50-a of the New York Civil Rights Law), Plaintiff argues that her Section 50-a claim "speaks for itself." (*Id.*)

Finally, Plaintiff argues that her claim that female employees were treated less favorably is supported by the federal action initiated by her co-worker Kathleen Plummer, 12-CV-0628 (N.D.N.Y.), whose Article 75 hearing was presided over by the same hearing officer who presided over Plaintiff's Article 75 hearing. (*Id.*)

### 3. County Defendants' Reply Memorandum of Law

Generally, in their reply memorandum of law, the County Defendants again assert nine arguments. (Dkt. No. 30 [Cnty. Defs.' Reply Memo. of Law].)

As to Plaintiff's response to their first argument (i.e., regarding her asserted failure to allege facts plausibly suggesting the personal involvement of the County Defendants in the constitutional violations alleged), the County Defendants' reply as follows: (a) "list[ing]" the names of the individuals accused of misconduct does not meet the plausibility requirements, especially with regard to the supervisory individual County Defendants; (b) by failing to oppose the County Defendants' qualified-immunity argument, Plaintiff has conceded that argument; (c) by failing to oppose the County Defendants' argument that the individual County Defendants are not amenable to suit under Title VII, Plaintiff has conceded that argument; and (d) by failing to oppose the County Defendants' exhaustion argument, Plaintiff has conceded that argument. (*Id.*)

As to Plaintiff's response to their second argument (i.e., regarding her asserted failure to file an EEOC with 300 days of events occurring in January of 2011), the County Defendants' reply that Plaintiff failed to file an employment discrimination claim with either state agency within 300 days of the alleged discrimination that took place in January of 2011 (and the 300-day time period is not tolled for discrete retaliatory and discriminatory acts she allegedly experienced within the 300-day time period). (*Id.*)

As to Plaintiff's response to their third argument (i.e., regarding her asserted failure to file her Title VII claims within 90 days of the date on which she received her right-to-sue letter), the County Defendants' reply that Plaintiff's late-blossoming assertion (in her opposition memorandum of law) that she did not receive the EEOC right-to-sue letter until September 24, 2011, contradicts the *sworn* allegation in her verified Complaint that she receive that letter on September 20, 2011. (*Id.*)

As to Plaintiff's response to their fourth argument (i.e., regarding her asserted failure to state a retaliation claim), the County Defendants' reply as follows: (a) Plaintiff asserts no additional factual allegations, and cites no legal authority, overcoming the lack of temporal proximity between the last alleged protected activity (in 2009) and the first alleged adverse action (in 2011), or the lack of identity between the sheriff who was the subject of the EEOC complaint and the sheriff who allegedly took the adverse action in 2011; and (b) Plaintiff fails to respond to their argument that her retaliation claim under the First Amendment must be dismissed as redundant of her retaliation claim under Title VII  (*Id.*)

As to Plaintiff's non-response to their fifth argument (i.e., regarding her asserted failure to state a substantive due process claim), the County Defendants' reply that, by failing to oppose this argument, she has conceded it and thus her substantive due process claim must be dismissed. (*Id.*)

As to Plaintiff's response to their sixth argument (i.e., regarding her asserted failure to allege facts plausibly suggesting municipal liability under *Monell*), the County Defendants' reply that Plaintiff's claims under 42 U.S.C. § 1983 against Defendant County Sheriff's Office must be dismissed because she has still failed to identify a custom, policy or practice of Warren County that deprived her of a constitutional right.  (*Id.*)

As to Plaintiff's response to their seventh and eighth arguments (i.e., regarding her asserted failure to state a claim under Section 50-a of the New York Civil Rights Law), the County Defendants' reply that, by failing to oppose these arguments, she has conceded them and thus her Section 50-a claim must be dismissed.  (*Id.*)

As to Plaintiff's response to their ninth argument (i.e., regarding her asserted failure to state a punitive damages claim against Defendant County Sheriff's Office), the County Defendants' reply that, by failing to oppose this argument, she has conceded it and thus her punitive damages claim against Defendant County Sheriff's Office must be dismissed. (*Id.*)

## II. GOVERNING LEGAL STANDARDS

### A. Standard Governing a Motion to Dismiss for Failure to State a Claim

It has long been understood that a dismissal for failure to state a claim upon which relief can be granted, pursuant to Fed. R. Civ. P. 12(b)(6), can be based on one or both of two grounds: (1) a challenge to the "sufficiency of the pleading" under Fed. R. Civ. P. 8(a)(2); or (2) a challenge to the legal cognizability of the claim. *Jackson v. Onondaga Cnty.*, 549 F. Supp.2d 204, 211, nn. 15-16 (N.D.N.Y. 2008) (McAvoy, J., adopting Report-Recommendation on *de novo* review).

Because such dismissals are often based on the first ground, a few words regarding that ground are appropriate. Rule 8(a)(2) of the Federal Rules of Civil Procedure requires that a pleading contain "a *short and plain* statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) [emphasis added]. In the Court's view, this tension between permitting a "short and plain statement" and requiring that the statement "show[]" an entitlement to relief is often at the heart of misunderstandings that occur regarding the pleading standard established by Fed. R. Civ. P. 8(a)(2).

On the one hand, the Supreme Court has long characterized the "short and plain" pleading standard under Fed. R. Civ. P. 8(a)(2) as "simplified" and "liberal." *Jackson*, 549 F. Supp.2d at 212, n.20 (citing Supreme Court case). On the other hand, the Supreme Court has

held that, by requiring the above-described "showing," the pleading standard under Fed. R. Civ. P. 8(a)(2) requires that the pleading contain a statement that "give[s] the defendant *fair notice* of what the plaintiff's claim is and the grounds upon which it rests." *Jackson*, 549 F. Supp.2d at 212, n.17 (citing Supreme Court cases) (emphasis added).

The Supreme Court has explained that such *fair notice* has the important purpose of "enabl[ing] the adverse party to answer and prepare for trial" and "facilitat[ing] a proper decision on the merits" by the court. *Jackson*, 549 F. Supp.2d at 212, n.18 (citing Supreme Court cases); *Rusyniak v. Gensini,* 629 F. Supp.2d 203, 213 & n.32 (N.D.N.Y. 2009) (Suddaby, J.) (citing Second Circuit cases). For this reason, as one commentator has correctly observed, the "liberal" notice pleading standard "has its limits." 2 *Moore's Federal Practice* § 12.34[1][b] at 12-61 (3d ed. 2003). For example, numerous Supreme Court and Second Circuit decisions exist holding that a pleading has failed to meet the "liberal" notice pleading standard. *Rusyniak,* 629 F. Supp.2d at 213, n.22 (citing Supreme Court and Second Circuit cases); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-52 (2009).

Most notably, in *Bell Atlantic Corp. v. Twombly*, the Supreme Court reversed an appellate decision holding that a complaint had stated an actionable antitrust claim under 15 U.S.C. § 1. *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955 (2007). In doing so, the Court "retire[d]" the famous statement by the Court in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957), that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Twombly*, 127 S. Ct. at 1968-69. Rather than turn on the *conceivability* of an actionable claim, the Court clarified, the "fair notice" standard turns on the *plausibility* of an

actionable claim. *Id*. at 1965-74. The Court explained that, while this does not mean that a pleading need "set out in detail the facts upon which [the claim is based]," it does mean that the pleading must contain at least "some factual allegation[s]." *Id*. at 1965. More specifically, the "[f]actual allegations must be enough to raise a right to relief above the speculative level [to a plausible level]," assuming (of course) that all the allegations in the complaint are true. *Id*.

As for the nature of what is "plausible," the Supreme Court explained that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). "[D]etermining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. . . . [W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not show[n]–that the pleader is entitled to relief." *Iqbal*, 129 S.Ct. at 1950 [internal quotation marks and citations omitted]. However, while the plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully," *id*., it "does not impose a probability requirement." *Twombly*, 550 U.S. at 556.

Because of this requirement of factual allegations plausibly suggesting an entitlement to relief, "the tenet that a court must accept as true all of the allegations contained in the complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by merely conclusory statements, do not suffice." *Iqbal*, 129 S. Ct. at 1949. Similarly, a pleading that only "tenders naked assertions devoid of further factual enhancement" will not suffice. *Iqbal*, 129 S.Ct. at 1949 (internal citations and alterations omitted). Rule 8

"demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (citations omitted).

This pleading standard applies even to *pro se* litigants.  While the special leniency afforded to *pro se* civil rights litigants somewhat loosens the procedural rules governing the form of pleadings (as the Second Circuit has observed), it does not completely relieve a *pro se* plaintiff of the duty to satisfy the pleading standards set forth in Fed. R. Civ. P. 8, 10 and 12.[3] Rather, as both the Supreme Court and Second Circuit have repeatedly recognized, the requirements set forth in Fed. R. Civ. P. 8, 10 and 12 are procedural rules that even *pro se* civil rights plaintiffs must follow.[4]  Stated more simply, when a plaintiff is proceeding *pro se*, "all normal rules of pleading are not absolutely suspended."  *Jackson*, 549 F. Supp.2d at 214, n.28 [citations omitted].[5]

---

[3]        *See Vega v. Artus,* 610 F. Supp.2d 185, 196 & nn.8-9 (N.D.N.Y. 2009) (Suddaby, J.) (citing Second Circuit cases); *Rusyniak,* 629 F. Supp.2d at 214 & n.34 (citing Second Circuit cases).

[4]        *See Rosendale v. Brusie*, 374 F. App'x 195, 196 (2d Cir. 2010) ("[A]lthough the courts remain obligated to construe a pro se complaint liberally, . . . the complaint must contain sufficient factual allegations to meet the plausibility standard."); *Vega,* 610 F. Supp.2d at 196, n.10 (citing Supreme Court and Second Circuit cases); *Rusyniak,* 629 F. Supp.2d at 214 & n.34 (citing Second Circuit cases).

[5]        It should be emphasized that Fed. R. Civ. P. 8's plausibility standard, explained in *Twombly*, was in no way retracted or diminished by the Supreme Court's decision (two weeks later) in *Erickson v. Pardus*, in which (when reviewing a *pro se* pleading) the Court stated, "*Specific* facts are not necessary" to successfully state a claim under Fed. R. Civ. P. 8(a)(2). *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) [emphasis added].  That statement was merely an abbreviation of the often-repeated point of law–first offered in *Conley* and repeated in *Twombly*–that a pleading need not "set out *in detail* the facts upon which [the claim is based]" in order to successfully state a claim.  *Twombly*, 127 S. Ct. 1965, n.3 (citing *Conley*, 355 U.S. at 47) [emphasis added].  That statement did not mean that all pleadings may achieve the requirement of "fair notice" without ever alleging any facts whatsoever.  Clearly, there must still be enough fact set out (however set out, whether in detail or in a generalized fashion) to raise a right to relief above the speculative level to a plausible level.  *See Rusyniak,* 629 F. Supp.2d at 214 & n.35 (explaining holding in *Erickson*).

Finally, a few words are appropriate regarding what documents are considered when a dismissal for failure to state a claim is contemplated. Generally, when contemplating a dismissal pursuant to Fed. R. Civ. P. 12(b)(6) or Fed. R. Civ. P. 12(c), the following matters outside the four corners of the complaint may be considered without triggering the standard governing a motion for summary judgment: (1) documents attached as an exhibit to the complaint or answer, (2) documents incorporated by reference in the complaint (and provided by the parties), (3) documents that, although not incorporated by reference, are "integral" to the complaint, or (4) any matter of which the court can take judicial notice for the factual background of the case.[6] Moreover, in the Second Circuit, a *pro se* plaintiff's papers in response to a defendant's motion

---

[6]     *See* Fed. R. Civ. P. 10(c) ("A copy of any written instrument which is an exhibit to a pleading is a part thereof for all purposes."); *L-7 Designs, Inc. v. Old Navy, LLC*, No. 10-573, 2011 WL 2135734, at *1 (2d Cir. June 1, 2011) (explaining that conversion from a motion to dismiss for failure to state a claim to a motion for summary judgment is not necessary under Fed. R. Civ. P. 12[d] if the "matters outside the pleadings" in consist of [1] documents attached to the complaint or answer, [2] documents incorporated by reference in the complaint (and provided by the parties), [3] documents that, although not incorporated by reference, are "integral" to the complaint, or [4] any matter of which the court can take judicial notice for the factual background of the case); *DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 111 (2d Cir. 2010) (explaining that a district court considering a dismissal pursuant to Fed. R. Civ. 12(b)(6) "may consider the facts alleged in the complaint, documents attached to the complaint as exhibits, and documents incorporated by reference in the complaint. . . . Where a document is not incorporated by reference, the court may neverless consider it where the complaint relies heavily upon its terms and effect, thereby rendering the document 'integral' to the complaint. . . . However, even if a document is 'integral' to the complaint, it must be clear on the record that no dispute exists regarding the authenticity or accuracy of the document. It must also be clear that there exist no material disputed issues of fact regarding the relevance of the document.") [internal quotation marks and citations omitted]; *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2009) ("The complaint is deemed to include any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference.") (internal quotation marks and citations omitted); *Int'l Audiotext Network, Inc. v. Am. Tel. & Tel. Co.*, 62 F.3d 69, 72 (2d Cir.1995) (per curiam) ("[W]hen a plaintiff chooses not to attach to the complaint or incorporate by reference a [document] upon which it solely relies and which is integral to the complaint," the court may nevertheless take the document into consideration in deciding [a] defendant's motion to dismiss, without converting the proceeding to one for summary judgment.") (internal quotation marks and citation omitted).

to dismiss for failure to state a claim may be considered as effectively amending the allegations of his complaint–to the extent those papers are consistent with the allegations in the complaint.[7]

### B.  Standard Governing a Motion for Judgment on the Pleadings

"The standard for granting a Rule 12(c) motion for judgment on the pleadings is identical to that of a Rule 12(b)(6) motion for failure to state a claim." *Patel v. Contemporary Classics of Beverly Hills*, 259 F.3d 123, 126 (2d Cir. 2001) (collecting cases).

## III.  ANALYSIS

### A.  Defendant NYSP Officer Barboza's Motion

Plaintiff's failure to oppose Defendant NYSP Officer Barboza's arguments has lightened Barboza's burden with regard to those arguments so that, in order to succeed on them, Barboza need only show that they possess facial merit, which has appropriately been characterized as a

---

[7]  *See Drake v. Delta Air Lines, Inc.,* 147 F.3d 169, 170 n. 1 (2d Cir. 1998) (per curiam) ("[W]e deem Drake's complaint to include the facts contained in his memorandum of law filed in response to Delta's 1996 motion to dismiss."); *Gill v. Mooney*, 824 F.2d 192, 195 (2d Cir. 1987) ("In his affidavit submitted in opposition to defendants' motion to dismiss, Gill asserts that Mooney's actions amounted to deliberate and willful indifference.  Liberally construed under *pro se* pleading standards, Gill's allegations against Mooney involve more than ordinary lack of due care for the prisoner's interests or safety, . . .  and therefore state a colorable claim under the Eighth and Fourteenth Amendments.") (internal quotation marks and citation omitted); *Donhauser v. Goord*, 314 F. Supp. 2d 119, 212 (N.D.N.Y.) (Sharpe, M.J.) ("[I]n cases where *a pro se* plaintiff is faced with a motion to dismiss, it is appropriate for the court to consider materials outside of the complaint to the extent they "are consistent with the allegations in the complaint.") (collecting district court cases), *vacated on other grounds*, 317 F. Supp. 2d 160 (N.D.N.Y. 2004) (Hurd, J.).

"modest" burden.[8]  (Plaintiff was adequately notified of this rule.)[9]

Beginning with Defendant NYSP Officer Barboza's *second* argument (i.e., the redundant nature of her claims against him), the Court finds that Defendant NYSP Officer Barboza has not met that modest burden.  As an initial matter, the Court has not been persuaded that a 42 U.S.C. § 1983 retaliation claim against a co-employee and a Title VII retaliation claim against a co-employee are redundant of each other.  In any event, the Court does not even liberally construe Plaintiff's Complaint as attempting to assert the latter claim.  Should this construction not be in accordance with Plaintiff's intent, she is free to move for reconsideration of this Decision and Order under Local Rule 7.1(g) of the Local Rules of Practice for this Court.

Turning to Defendant NYSP Officer Barboza's *first* argument (i.e., the failure to allege causation), the Court finds that Defendant NYSP Officer Barboza has *mostly* met that modest burden.  The Court says "mostly" because, while the Court acknowledges the pleading defect in this claim, the Court finds that it appears likely that Plaintiff could correct that pleading defect (e.g., by describing the relationship and any communications between the two Barboza Defendants, any inculpatory statements made by Defendant NYSP Officer Barboza, the nature of any internal complaints she made to or regarding Defendant Inspector Marlo Barboza, and when, where and how she made such internal complaints).

---

[8]  *See* N.D.N.Y. L.R. 7.1(b)(3) ("Where a properly filed motion is unopposed and the Court determined that the moving party has met to demonstrate entitlement to the relief requested therein . . . ."); *Rusyniak v. Gensini*, 07-CV-0279, 2009 WL 3672105, at *1, n.1 (N.D.N.Y. Oct. 30, 2009) (Suddaby, J.) (collecting cases); *Este-Green v. Astrue*, 09-CV-0722, 2009 WL2473509, at *2 & nn.2, 3 (N.D.N.Y. Aug. 7, 2009) (Suddaby, J.) (collecting cases).

[9]  More specifically, at the outset of this action, Plaintiff was provided with a courtesy copy of the District's Local Rules of Practice and *Pro Se* Handbook.  (Dkt. No. 3.)  In addition, when Defendant NYSP Officer Barboza filed his motion, he reminded Plaintiff of the consequences of failing to respond to his motion.  (Dkt. No. 13, at 1-2.)

The Court notes that Plaintiff alleges that she was found to be not guilty of the criminal charge lodged by Defendant NYSP Officer Barboza, and that one of the County Defendants also bears the last name Barboza (i.e., Defendant Inspector Marlo Barboza), rendering a blood or legal relationship between the two individuals in Warren County possible. (Dkt. No. 1, at ¶¶ 3, 7.) In addition, while the length of time between the resolution of Plaintiff's EEOC proceeding and the filing of the criminal charge appears to have been up to two years, Plaintiff also alleges that she resisted and *"complain[ed]" of* disciplinary action that was contemplated against her by various County Defendants–including Inspector Marlo Barboza–a mere *three months* before the lodging of the criminal charge by Defendant NYSP Officer Ernest Barboza. (*Id*. at ¶¶ 3-7 [emphasis added].) In relying on these alleged complaints as part of the protected activity that forms the basis of Plaintiff's retaliation claim, the Court is cognizant of the Second Circuit's instruction in *Phillips v. Girdich* that, in construing a *pro se* plaintiff's complaint, "the [C]ourt's imagination should be limited only by [the plaintiff]' s factual allegations, not by the legal claims set out in his pleadings." 408 F.3d 124, 130 (2d Cir. 2005).

In such a circumstance, a *pro se* plaintiff should be granted leave to amend a claim before that claim is dismissed.[10] For these reasons, this claim is only *conditionally* dismissed (under the terms set forth at the end of this Decision and Order) and, in that regard, Defendant NYSP Officer Barboza's motion is granted in part and denied in part.

---

[10] Ordinarily, a *pro se* plaintiff should be granted leave to amend a claim before that claim is dismissed where it appears likely that such leave to amend would be productive. *See Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir .1993) ("Where it appears that granting leave to amend is unlikely to be productive, . . . it is not an abuse of discretion to deny leave to amend."); *Brown v. Peters*, 95-CV-1641, 1997 WL 599355, at *1 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.) ("[T]he court need not grant leave to amend where it appears that amendment would prove to be unproductive or futile.").

**B.    County Defendants' Motion**

After carefully considering the matter, the Court reaches the following conclusions

regarding Plaintiff's claims.

As initial matter, the Court notes that Plaintiff fails to oppose several legal arguments

asserted by the County Defendants.  (For example, she provided no response to the County

Defendants' fifth and ninth arguments and parts of their first argument.  In addition, she provided

no substantive response to the County Defendants' fourth, sixth, seventh and eighth arguments.)

As a result, she lightened the County Defendants' burden with regard to those arguments so that,

in order to succeed on them, the County Defendants need only show that they possess facial

merit, which they have largely done.

Turning to Plaintiff's first claim (i.e., that the County Defendants discriminated against

her based on her gender in violation of Title VII), that claim is dismissed to the extent it is

asserted against the individual County Defendants, for the reasons stated above by the County

Defendants.  *See, supra,* Parts I.C.1. and I.C.3. of this Decision and Order.  The remaining

portion of the claim, which asserted against Defendant County Sheriff's Office, is *conditionally*

dismissed (under the terms set forth at the end of this Decision and Order) to the extent that it is

based on events occurring before April 16, 2011 (e.g., her allegation regarding being suspended

in March of 2011, and her allegation regarding the meeting that took place in January of 2011),

for the reasons stated by the County Defendants.  *See, supra,* Parts I.C.1. and I.C.3. of this

Decision and Order.  To those reasons, the Court would add only that the pre-April 16 acts of

which Plaintiff complains appear sufficiently separate and discrete from the post-April 16 acts of

which she complains (e.g., involving three different individuals and three different forms of

adverse action, over a span of seven months).  However, it appears likely to the Court that

20

Plaintiff could correct this pleading defect.  <u>Finally, surviving without need of amendment</u> <u>(albeit barely) is that portion of the claim that is asserted against Defendant County Sheriff's</u> <u>Office and is based on events occurring after April 16, 2011 (e.g., her termination on July 22,</u> <u>2011)</u>.

The Court pauses to note that it must reject the County Defendants' third argument (i.e., that Plaintiff's Title VII claims were not filed within 90 days of the date on which she received her right-to-sue letter).  From the factual allegations of Plaintiff's Complaint, it does not appear plausible that she received the EEOC's right-to-sue letter on the same date that it was mailed; rather, it appears more plausible that Plaintiff (who is proceeding *pro se*) misunderstood the question on the form civil rights complaint, which was somewhat ambiguous in nature in that it gave a single space in which to list what arguably were two separate dates.  (*Compare* Dkt. No. 1 at 9 [stating that the right-to-sue letter was "[m]ailed" on September 20, 2013] *with* Dkt. No. 1 at 7 [stating that "[t]he [EEOC] issued a Notice-of-Right-to-Sue letter (copy attached) which was received by me on" September 20, 2013] [emphasis removed].)  This construction of Plaintiff's Complaint is confirmed by assertions contained in Plaintiff's opposition memorandum of law, which may be considered to the extent those assertions are consistent with the allegations of the Complaint (which the Court finds they are, for the reasons stated above).  (Dkt. No. 29, at 2 [Plf.'s Opp'n Memo. of Law].)[11]

---

[11]     In the Second Circuit, a *pro se* plaintiff's papers in response to a defendant's motion to dismiss for failure to state a claim may be considered as effectively amending the allegations of his complaint–to the extent those papers are consistent with the allegations in the complaint. *See Drake v. Delta Air Lines, Inc.,* 147 F.3d 169, 170 n. 1 (2d Cir. 1998) (per curiam) ("[W]e deem Drake's complaint to include the facts contained in his memorandum of law filed in response to Delta's 1996 motion to dismiss."); *Gill v. Mooney*, 824 F.2d 192, 195 (2d Cir. 1987) ("In his affidavit submitted in opposition to defendants' motion to dismiss, Gill asserts that Mooney's actions amounted to deliberate and willful indifference.  Liberally construed under *pro*

With regard to Plaintiff's second claim (i.e., that the County Defendants discriminated against her based on her gender in violation of 42 U.S.C. § 1983 and the Fourteenth Amendment), that claim is *conditionally* dismissed (under the terms set forth at the end of this Decision and Order) as against Defendant County Sheriff's Office, as well as against Defendants Gates, Maday, Farmer, Clifford, Feldeison, Farmer, Perilli, Gordon and Kelly, because of the lack of a county custom, policy or practice, and the lack of their personal involvement, for the reasons stated by the County Defendants. *See, supra,* Parts I.C.1. and I.C.3. of this Decision and Order. The Court notes that it appears likely that Plaintiff could correct the pleading defects identified (e.g., by identifying a county custom, policy or practice under which the alleged constitutional violation occurred, and/or describing the personal involvement of one or more of the nine individuals listed). However, surviving without need of amendment is that portion of the claim that is asserted against Defendants York, LaFarr and Marlo Barboza. Plaintiff has (again, albeit barely) alleged facts plausibly suggesting the personal involvement of these three individuals in the constitutional violation alleged and the lack of the availability of the doctrine of qualified immunity.

With regard to Plaintiff's third claim (i.e., that the County Defendants retaliated against her based on her EEOC complaint in violation of Title VII), that claim is dismissed to the extent that it is asserted against the individual County Defendants, for the reasons stated by the County

---

*se* pleading standards, Gill's allegations against Mooney involve more than ordinary lack of due care for the prisoner's interests or safety, . . . and therefore state a colorable claim under the Eighth and Fourteenth Amendments.") (internal quotation marks and citation omitted); *Donhauser v. Goord*, 314 F. Supp. 2d 119, 212 (N.D.N.Y.) (Sharpe, M.J.) ("[I]n cases where *a pro se* plaintiff is faced with a motion to dismiss, it is appropriate for the court to consider materials outside of the complaint to the extent they "are consistent with the allegations in the complaint.") (collecting district court cases), *vacated on other grounds*, 317 F. Supp. 2d 160 (N.D.N.Y. 2004) (Hurd, J.).

Defendants. *See, supra,* Parts I.C.1. and I.C.3. of this Decision and Order. The remaining portion of the claim, which is asserted against Defendant County Sheriff's Office, is *conditionally* dismissed (under the terms set forth at the end of this Decision and Order) to the extent that it is based on events occurring before April 16, 2011 (e.g., her allegation regarding being suspended in March of 2011, and her allegation regarding the meeting that took place in January of 2011), for the reasons stated by the County Defendants. *See, supra,* Parts I.C.1. and I.C.3. of this Decision and Order. To those reasons, the Court would add only that, while the pre-April 16 acts of which Plaintiff complains appear sufficiently separate and discrete from the post-April 16 acts of which she complains (e.g., involving three different individuals and three different forms of adverse action, over a span of seven months), it appears likely to the Court that Plaintiff could correct this pleading defect. The other portion of this claim, which is based on events occurring after April 16, 2011 (e.g., her termination on July 22, 2011) is also *conditionally* dismissed (under the terms set forth at the end of this Decision and Order), because of the lack of a causal connection, for the reasons stated by the County Defendants. *See, supra,* Parts I.C.1. and I.C.3. of this Decision and Order. In that portion of the claim it appears likely to the Court that Plaintiff could correct the pleading defects identified (e.g., by identifying statements and/or acts plausibly suggesting a causal connection between her EEOC proceeding of 2005 to 2009 and her termination in July of 2011).

With regard to Plaintiff's fourth claim (i.e., that the County Defendants retaliated against her based on her EEOC complaint in violation of 42 U.S.C. § 1983 and the First Amendment), this claim is dismissed as against Defendant County Sheriff's Office as redundant of Title VII claim, for the reasons stated by the County Defendants. *See, supra,* Parts I.C.1. and I.C.3. of this

Decision and Order.[12] However, this claim is *conditionally* dismissed (under the terms set forth

at the end of this Decision and Order) as against Defendants Gates, Maday, Farmer, Clifford,

Feldeison, Farmer, Perilli, Gordon and Kelly, because of the lack of their personal involvement

and the lack of a causal connection, for the reasons stated by the County Defendants. *See, supra,*

Parts I.C.1. and I.C.3. of this Decision and Order. The Court notes that it appears that Plaintiff

could correct the pleading defects identified. Also conditionally dismissed is that portion of this

claim asserted against Defendants York, LaFarr and Marlo Barboza because of the lack of a

causal connection, for the reasons stated by the County Defendants. *See, supra,* Parts I.C.1. and

I.C.3. of this Decision and Order.

  With regard to Plaintiff's fifth claim (i.e., that the County Defendants deprived her of

substantive due process through their actions in violation of 42 U.S.C. § 1983 and the Fourteenth

Amendment), this claim is dismissed for the reasons stated by the County Defendants (including

the failure to allege facts plausibly suggesting government conduct that is so egregious and

outrageous as to shock the contemporary conscience, the failure to oppose that argument, and/or

the failure to allege facts plausibly suggesting the existence of a county custom, policy or

practice). *See, supra,* Parts I.C.1. and I.C.3. of this Decision and Order. To those reasons, the

Court would add only two points. First, although the County Defendants do not seem to direct a

lack-of-personal-involvement challenge at this claim, the Court may, and does, *sua sponte*

---

[12]  The Court does not understand how the County Defendant can argue that
Plaintiff's 42 U.S.C. § 1983 retaliation claim against the individual County Defendants could be
redundant of Plaintiff's Title VII retaliation claim against the individual County Defendants,
when the County Defendants also argue that Plaintiff can have no Title VII retaliation claim
against the individual County Defendants (because those Defendants are not "employers" under
Title VII).

alternatively ground its dismissal of this claim on the failure to allege facts plausibly suggesting

the personal involvement of the individual County Defendants in the constitutional violation

alleged in this claim (because Plaintiff is proceeding both *pro se* and *in forma pauperis*).[13]

Second, unlike some of Plaintiff's other claims, the Court does not find that Plaintiff could likely

correct the pleading defects in this claim, given (1) the number of pleading defects in this claim,

(2) the nature of the discriminatory and retaliatory actions alleged in her Complaint, and (3) the

conspicuous absence of any egregious or outrageous factual allegations despite various other

detailed facts provided therein.

With regard to Plaintiff's sixth claim (i.e., that Defendant York wrongfully released her

closed disciplinary hearing charges and results to the media in violation of Section 50-a of the

New York State Civil Rights Act), this claim is dismissed for the reasons stated by the County

Defendants (including the failure to allege she timely served a Notice of Claim, the lack of a

private right of action, and the failure to oppose that arguments). *See, supra,* Parts I.C.1. and

I.C.3. of this Decision and Order.

With regard to Plaintiff's claim of punitive damages claim against Defendant County

Sheriff's Office, that claim is dismissed for the reasons stated by the County Defendants, as well

as the failure to allege facts plausibly suggesting conduct warranting such damages. *See, supra,*

Parts I.C.1. and I.C.3. of this Decision and Order.

---

[13]     *See* 28 U.S.C. § 1915(e)(2)(B) (directing that, when a plaintiff seeks to proceed *in forma pauperis,* "(2) . . . the court shall dismiss the case at any time if the court determines that–. . . (B) the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief"); *Fitzgerald v. First E. Seventh St. Tenants Corp.*, 221 F.3d 362, 363 (2d Cir. 2000) (recognizing that district court has power to *sua sponte* dismiss *pro se* complaint based on frivolousness notwithstanding fact that plaintiff has paid statutory filing fee).

For all these reasons, the County Defendants' motion is granted in part and denied in part.

Plaintiff is advised that, in any amended complaint that she may choose to file, <u>she should be specific</u> regarding, among other things, (1) what discriminatory and/or retaliatory statements were made to her, by whom they were made, and when, where and how they were made, and (2) the names of the similarly situated male correction officers and how and when they were treated differently. However, she is advised that <u>any amended complaint must be a complete pleading</u>, which will supersede her original Complaint in all respects, and may not incorporate by reference any portion of their original Complaint.  N.D.N.Y. L.R. 7.1(a)(4).  She is also advised that <u>any amended complaint may not reassert claims that are hereby dismissed with prejudice by this Court</u>; however, she is free to elaborate on, and further develop, the factual allegations supporting the claims that survive Defendants' motions to dismiss.  She is further advised that, should she fail to file such an amended complaint within the time allotted, the claims that have been "conditionally dismissed" shall be dismissed with prejudice without further Order of this Court.  <u>Finally, the parties are advised that nothing in this Decision and Order shall preclude Defendants from moving to dismiss (or moving for summary judgment regarding) any amended complaint filed by Plaintiff.</u>

**ACCORDINGLY**, it is

**ORDERED** that Defendant NYSP Officer Barboza's motion to dismiss for failure to state a claim (Dkt. No. 13) is **<u>GRANTED</u> in part** and **<u>DENIED</u> in part** as set forth above in Part III.A. of this Decision and Order; and it is further

**ORDERED** that the County Defendants' motion for judgment on the pleadings (Dkt. No. 22) is **GRANTED in part** and **DENIED in part** as set forth above in Part III.B. of this Decision and Order; and it is further

**ORDERED** that the following claims in Plaintiff's Complaint (Dkt. No. 1) are **hereby DISMISSED with prejudice** and **without a further opportunity to amend**:

(1) her claim that the individual County Defendants discriminated against her based on her gender in violation of Title VII;

(2) her claim that the individual County Defendants retaliated against her based on her EEOC complaint in violation of Title VII;

(3) her claim that Defendant County Sheriff's Office retaliated against her based on her EEOC complaint in violation of 42 U.S.C. § 1983 and the First Amendment;

(4) her claim the County Defendants deprived her of substantive due process through their actions in violation of 42 U.S.C. § 1983 and the Fourteenth Amendment;

(5) her claim that Defendant York wrongfully released her closed disciplinary hearing charges and results to the media in violation of Section 50-a of the New York State Civil Rights Act; and

(6) her claim for punitive damages claim against Defendant County Sheriff's Office; and it is further

**ORDERED** the following claims in Plaintiff's Complaint (Dkt. No. 1) are **conditionally DISMISSED** in that they **shall be dismissed** without further Order of this Court **unless**, within **THIRTY (30) DAYS** of the date of this Decision and Order, Plaintiff files an **AMENDED COMPLAINT** correcting the pleading defects in the claims:

(1) her claim that Defendant Trooper Barboza retaliated against her based on her EEOC complaint (and internal complaints) in violation of 42 U.S.C. § 1983 and the First Amendment;

(2) her claim that Defendants County Sheriff's Office, Gates, Maday, Farmer, Clifford, Feldeison, Farmer, Perilli, Gordon and Kelly discriminated against her based on her gender in violation of 42 U.S.C. § 1983 and the Fourteenth Amendment;

(3) her claim that Defendant County Sheriff's Office discriminated against her based on her gender in violation of Title VII, to the extent the claim is based on events occurring *before* April 16, 2011;

(4) her claim that Defendant County Sheriff's Office retaliated against her based on her EEOC complaint in violation of Title VII; and

(5) her claim that the individual County Defendants retaliated against her based on her EEOC complaint in violation of 42 U.S.C. § 1983 and the First Amendment; and it is further

**ORDERED** that the following claims in Plaintiff's Complaint (Dkt. No. 1) **SURVIVE**

Defendants' motions to dismiss:

(1) her claim that Defendant County Sheriff's Office discriminated against

her based on her gender in violation of Title VII, to the extent the claim is based

on events occurring *after* April 16, 2011; and

(2) her claim that Defendants York, LaFarr and Marlo Barboza

discriminated against her based on her gender in violation of 42 U.S.C. § 1983

and the Fourteenth Amendment; and it is further

**ORDERED** that this case is referred back to Magistrate Judge Hummel for a Rule 16

conference and the setting of pretrial scheduling deadlines.

Dated: May 13, 2015
      Syracuse, New York

Hon. Glenn T. Suddaby
U.S. District Judge