**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

MICHELLE A. LeBARRON,

                      Plaintiff,

    v.                                    No. 1:13-CV-1572 (GTS/CFH)

WARREN COUNTY SHERIFF'S OFFICE,
NATHAN H. YORK, JAMES A. LAFARR,
MARLO BARBOZA,

                      Defendants

---

**APPEARANCES:**                             **OF COUNSEL:**

Michelle A. LeBarron
P.O. Box 1486
5 Mast Court
Berlin, Maryland 21811
Plaintiff pro se

Lemire, Johnson Law Firm                GREGG T. JOHNSON, ESQ.
P.O. Box 2485                                BRADLEY J. STEVENS, ESQ.
2534 Route 9
Malta, New York 12020
Attorneys for Defendants

**CHRISTIAN F. HUMMEL**
**U.S. MAGISTRATE JUDGE**

### REPORT-RECOMMENDATION AND ORDER[1]

    In this action plaintiff pro se Michelle A. LeBarron ("plaintiff") alleges that, between March 3, 2005, the date on which she filed a gender discrimination complaint with the Equal Employment Opportunity Commission ("EEOC") against the Warren County Sheriff's Office, and July 22, 2011, the date on which she was terminated from

---

[1] This matter was referred to the undersigned for report and recommendation pursuant to 28 U.S.C. § 636 (b) and N.D.N.Y.L.R. 72.3 (c).

her job as a corrections officer, defendants discriminated against her based on her gender. Plaintiff further alleges that defendants retaliated against her based on her filing of the EEOC complaint and the fact that the complaint was resolved in her favor in 2009. Dkt. No. 1 ("Compl."). Since the commencement of this action, there has been extensive motion practice, which resulted in the dismissal of many of the claims in the complaint. See Dkt. No. 33. This action is presently proceeding only on plaintiff's claims that defendant County Sheriff's Office discriminated against her based on her gender in violation of Title VII, to the extent the claim is based on events occurring after April 16, 2011, and that defendants York, LaFarr, and Marlo Barboza discriminated against her based on her gender in violation of 42 U.S.C. § 1983 and the Fourteenth Amendment.

Presently pending is defendants' motion to dismiss for failure to prosecute pursuant to Federal Rules of Civil Procedure ("Fed. R. Civ. P.") 41 and 37. Dkt. No. 50. Plaintiff has not responded to the pending motion. For the reasons set forth below, is recommended that defendants' motion to dismiss for failure to prosecute be granted.

**I. Background**

Plaintiff commenced this action on December 20, 2013 by the filing of a complaint and motion to proceed in forma pauperis. See Compl., Dkt. No. 2. On March 5, 2014, defendant Ernest Barboza filed a motion to dismiss pursuant to Fed. R. Civ. P. 12 (b)(6). Dkt. No. 13. On April 24, 2014, defendants Warren County Sheriff's Office, Nathan York, James LaFarr, Marlo Barboza, Michael Gates, Albert Mayday, Wayne

Farmer, Daniel Clifford, Michael Feldeison, Steven Farmer, Christopher Perilli, Michael Gordon, and Daniel Kelly filed a motion to dismiss pursuant to Fed. R. Civ. P. 12 (b) and (c). Dkt. No. 22. Plaintiff filed opposition to the motion to dismiss. Dkt. No. 29.

By Decision and Order dated May 13, 2015, the Court dismissed with prejudice and without leave to amend the following claims: (1) the individual County defendants discriminated against her based on her gender in violation of Title VII; (2) the individual County defendants retaliated against her based on her filing of an EEOC complaint in violation of Title VII; (3) defendant Warren County Sheriff's Office retaliated against her based on her filing of an EEOC complaint; (4) County defendants deprived her of substantive due process in violation of 42 U.S.C. § 1983 and the Fourteenth Amendment to the Constitution of the United States; (5) defendant York wrongfully released her closed disciplinary hearing charges and results to the media in violation of Section 50-a of the New York State Civil Rights Act; and (6) plaintiff's demand for punitive damages against defendant Warren County Sheriff's Office. Dkt. No. 33. The Court conditionally dismissed without further order of the court, unless, within thirty days of the Decision and Order, plaintiff filed an amended complaint to correct the defects in the following claims: (1) defendant Trooper Barboza retaliated against plaintiff based on her EEOC complaint (and internal complaints) in violation of 42 U.S.C. § 1983 and the First Amendment; (2) defendants County Sheriff's Office, Gates, Maday, Farmer, Clifford, Feldeison, Farmer, Perilli, Gordon, and Kelly discriminated against her based on her gender in violation of 42U.S.C. § 1983 and the Fourteenth Amendment; (3) defendant Warren County Sheriff's Office discriminated against her based on her

gender in violation of Title VII, to the extent the claim is based on events occurring before April 16, 2011; (4) defendant Warren County Sheriff's office retaliated against her based on her filing of an EEOC complaint in violation of Title VII; and (5) the individual County defendants retaliated against her based on her filing of an EEOC complaint in violation of 42 U.S.C. § 1983 and the First Amendment. Id. at 28. Finally, the Court denied defendants' motion to dismiss plaintiff's claim that the Warren County Sheriff's Office discriminated against her based on her gender in violation of Title VII, to the extent that such claim is based upon events occurring after April 16, 2011, and her claim that defendants York, LaFar, and Marlo Barboza discriminated against her based on her gender in violation of 42 U.S.C. § 1983 and the Fourteenth Amendment. Id. at 29.

On May 19, 2015, the undersigned issued a text order scheduling the Rule 16 conference for June 11, 2015. Dkt. No. 34. On June 11, 2015, the Court issued a Uniform Pretrial Scheduling Order which, among other things, directed that discovery be completed by October 30, 2015, and directed each party to file a report regarding the status of discovery by September 8, 2015. Dkt. No. 39.

On September 18, 2015, the Court issued a notice directing each of the parties to file a status report by October 2, 2015. Dkt. No. 41. Defendants filed a status report on September 28, 2015. Dkt. No. 42. Plaintiff failed to file a status report.

By letter motion dated December 4, 2015, defendants requested a brief extension of the discovery deadline. Dkt. No. 43. On December 8, 2015, the Court granted the extension request and issued a notice scheduling a discovery conference

for December 21, 2015.  Dkt. Nos. 44, 45.  The notice provided: "please be advised that Plaintiff's failure to attend conferences and participate in discovery may result in dismissal of the claim."  Dkt. No. 45.  The notice further provided that plaintiff could appear in  person or telephonically.  Id.  A copy of that notice was served on plaintiff by regular mail.  See id. Plaintiff failed to appear for that conference.  See Dkt. entry dated 12/21/15.

On December 21, 2015, the Court issued a text notice setting a briefing schedule for the defendants to file a motion to dismiss, which directed that any such motions be filed by January 19, 2016.  See text not. dated 12/21/15.  Plaintiff was directed to file any response to that motion by February 5, 2016.  Id.  Defendants' reply was due by February 12, 2016.  Id.  A copy of that text notice was served on plaintiff by regular mail.  Id.  The text notice, sent to the plaintiff at the address appearing on the Court docket, was returned to the Court as undeliverable.  Dkt No. 49.

On December 23, 2015, the attorney for defendant Ernest Barboza filed a letter motion requesting, based upon plaintiff's failure to file an amended complaint by June 13, 2015 as directed by this Court's Decision and Order dated May 13, 2015, that the Court issue judgment in favor of Ernest Barboza.  Dkt. No. 47.  On December 23, 2015, the Court issued a text order granting in part and denying in part defendant Barboza's letter request.  Dkt No. 48.  The order directed the Clerk of the Court to terminate Ernest Barboza from this action and further provided that judgment will be entered at the conclusion of this matter.  Dkt. No. 48.  A copy of that text order was served upon plaintiff by e-mail, as plaintiff has ECF filing status.

On January 15, 2016, defendants Marlo Barboza, LaFarr, Warren County Sheriff's Office, and York filed a motion for an Order dismissing plaintiff's complaint in its entirety pursuant to Fed. R. Civ. P. 41 and 37, with prejudice. Dkt. No. 50. Plaintiff's response to that motion was due by February 5, 2016, with any reply to be filed by February 8, 2016. Dkt. No.51. Plaintiff has not filed a response to the pending motion to dismiss.

On January 22, 2016, defendants Clifford, Steven Farmer, Wayne Farmer, Feldeison , Gates, Gordon, Kelly, Maday, and Perilli filed a letter motion asking to be terminated as defendants in this action. Dkt. No. 54. On January 22, 2016, the Court issued a text order granting that letter motion and directing that those defendants be terminated from this action. Dkt. No. 54.

II. **Discussion** [2]

Fed. R. Civ. P. 41(b) provides that a court may dismiss an action "[i]f the plaintiff fails to prosecute or comply with [the Federal Rules of Civil Procedure] or a court order . . ." See Link v. Wabash R.R. Co., 370 U.S. 626, 629 (1962); Baptiste v. Sommers, 768 F.3d. 212, 216 ( 2d Cir. 2014); see also N.D.N.Y. L.R. 41.2(b). Since a Rule 41(b) dismissal "is a harsh remedy. . . [it] is appropriate only in extreme situations." Lucas v. Miles, 84 F.3d 532, 535 (2d Cir. 1966) (citations omitted). Furthermore, where the plaintiff is pro se, "courts should be especially hesitant to dismiss for procedural

---

[2] All unpublished opinions cited to by the Court in this Report-Recommendation and Order are, unless otherwise noted, attached to this Report-Recommendation and Order.

-6-

deficiencies . . ." Spencer v. Doe, 139 F.3d 107, 112 ( 2d Cir. 1998) (quoting Lucas, 84 F.3d at 535); see also Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 477 (2d. Cir. 2006). A determination whether to dismiss an action pursuant to Rule 41 (b) involves consideration of:

> (1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply will result in dismissal, (3) whether the defendants are likely to be prejudiced by for the delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal.

Lucas, 84 F.3d at 535 (citing Jackson v. City of New York, 22 F.3d 71, 74 (2d Cir. 1994)) (additional citations omitted).

A review of this case's procedural history shows that the complaint was filed on December 20, 2013. Dkt. No. 1. As such, over two years have elapsed since the filing of this action, yet virtually no discovery has been conducted as a result of plaintiff's failure to comply with this Court's scheduling order.

On March 20, 2014, the undersigned issued a text order which directed that the parties file a civil case management plan and exchange mandatory disclosures by April 28, 2014. Dkt. No. 19. Although the moving defendants sent plaintiff their initial disclosure on June 1, 2015, plaintiff has never served any initial disclosure in this matter. Dkt. No. 50-1 at 6. On September 25, 2015, defendants submitted a demand for production of documents and a notice for examination before trial to plaintiff by way of a letter dated September 25, 2015. Dkt. No. 43. Plaintiff's deposition was scheduled for October 26, 2015. As the deposition approached, defendants made numerous

efforts to contact plaintiff to confirm her attendance. Dkt. No. 50-1 at 6. On October 22, 2015 defendants received an e-mail from plaintiff which acknowledged her failure to respond to document demands, advised that she would not appear for a deposition, and noted that she would be responding directly to the Court. Dkt. No. 43, Exh B. Plaintiff has never contacted the Court to address her deposition or failure to respond to defendants' document requests. Defendants have not received any communication from plaintiff since her October 22, 2015 e-mail. Dkt. No. 50-1 at 7.

On December 8, 2015, this Court issued a notice, served on plaintiff by regular mail, scheduling a discovery conference for December 21, 2015. Dkt. No. 45. The notice specifically advised plaintiff that her failure to attend conferences and participate in discovery may result in the dismissal of her claim. Id. Even after having been advised of the consequences of her failure to participate in discovery and attend conferences, and permitting plaintiff the opportunity to appear by telephone, plaintiff failed to appear for the conference.

As a result of plaintiff's failure to serve mandatory disclosure as directed by this Court's May 20, 2014 Order, failure to respond to defendants' discovery requests and her failure to appear for a deposition, defendants have been denied access to information they need in order to prepare a proper defense in this matter. Shannon v. Gen. Elec. Co.,186 F. 3d 186,195 (2d. Cir. 1999). Plaintiff's failure to provide document discovery and failure to appear for deposition have significantly delayed the resolution of this matter, thereby contributing to the Court's congestion.

The final consideration in determining whether to grant the motion to dismiss for

failure to prosecute is an assessment of whether there is a sanction less drastic than dismissal.³  Mindful of the principles of law pronounced above, the undersigned determines that the dismissal of plaintiff's complaint is the appropriate result in this matter.   Here, plaintiff has completely and intentionally disregarded the Uniform Pretrial Scheduling Order which issued on June 11, 2015.  Dkt. No. 39.  That order directed, among other things, that all discovery be completed by October 30, 2015.  As noted, plaintiff has failed to provide defendants with any discovery and has refused to appear for deposition.  Even after the Court advised plaintiff that her failure to attend conferences and participate in discovery may result in the dismissal of this action, plaintiff failed to attend the Court conference.  <u>See</u> Dkt. entry dated Dec. 21, 2015.  Plaintiff has also failed to submit any opposition to this motion to dismiss for lack of prosecution.  In addition, it appears that the address which plaintiff provided to the Court is no longer valid as a Text Order mail to plaintiff at that address was returned as undeliverable.  Dkt. No. 49.  Plaintiff has failed to comply with her duty to update the Court as to any changes of address.

In recommending the dismissal of this action, the undersigned is aware that dismissal is particularly harsh remedy, especially when invoked against a <u>pro</u> <u>se</u> plaintiff.  <u>Salahuddin v. Harris</u>, 782 F.2d 1127,1132 (2d. Cir. 1986); <u>Sec. and Exch. Comm'n v. Research Automation Corp.</u>, 521 F. 2d 585, 588-89 (2d. Cir. 1975).   Given

---

³  Defendants request, in the alternative, (Dkt No. 50), that dismissal be considered under Rule 37 for plaintiff's failure to attend the deposition.  <u>See</u> FED. R. CIV. P. 37.  Since "courts consider the same factors applicable to Rule 41(b) when considering dismissal pursuant to Rule 37 [']" no additional analysis is needed. <u>Barney v.Consol. Edison Co. of New York</u>, No. 99-CV-823 (DGT), 2006 WL 4401019, at *16 (E.D.N.Y. July 19, 2006 (citations omitted).

plaintiff's apparent abandonment of this action and complete refusal to comply with this Court's orders, the Court finds that the imposition of a lesser sanction would have no effect on Plaintiff or this litigation which has been pending since December 20, 2013. See Dkt. No. 1.

### III. Conclusion

**WHEREFORE**, for the reasons stated herein, it is hereby

**RECOMMENDED** that defendants' motion to dismiss for failure to prosecute (Dkt. No. 50) be **GRANTED**; and that the complaint (Dkt. No. 1) be dismissed in its entirety; and it is

**ORDERED**, that copies of this Report-Recommendation and Order be served on the parties in accordance with Local Rules.

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(c), the parties have **fourteen (14)** days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW**. Roldan v. Racette, 984 F.2d 85, 89 (2d Cir.1993)(citing Small v. Secretary of Health and Human Services, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 6(a), 6(e), 72.

**IT IS SO ORDERED.**

Dated: April 6, 2016
      Albany, New York

Christian F. Hummel
U.S. Magistrate Judge